Judge Trouble
delivered the following opinion of the court: — The errors assigned in this cause, all relate to the report of commissioners, under the “ act concerning occupying claimants of land,”‡ and the iudgment of the court thereon. One or the errors assigned, is, u It does not appear from the record, that the plain-was p5esent at, or had received any previous notice of the time and place of the meeting of the said comm is-sioners.”
, The commit* iioners under phis law, Ihould fet down dif-tiqitly, and fe-parately, each fpecies of improvement.
It ⅛ not expressly required by this, act, that he should have had notice 5 yet the well established rules of justice, demanded, that he, or his attorney at la,w, or some other agent, should have had an opportunity of being present.
If, however, he had been allowed a reasonable opportunity to have contested the report, and had declined, to do it, the complaint would not be regarded by this court'. , But, on the same day, probably in the same hour, the report was returned ; and, when the plaintiff" was absent, judgment was rendered thereon: whereas, he might not have known that any report had been prepared, or was intended to be returned. This, it is conceived, was too rigid ; and if the practice were sanctioned, would offer a temptation to watch the temporary absence of the adverse party, to procure the establishment of an illegal or unjust report.
And in this ease it is. assigned as error, that “the commissioners, in making their report, have not set dowri distinctly and separately, each different species of improvement, with its estimated value, in the manner required by the act of assembly.,s
In one instance, it is found, .an apple and peach orchard is charged conjunctly at ⅜ 50, and in another, art orchard at § 2 50. Whereas, it is conceived, that to comply with the requisition and intention of the act, the number and value of each kind of fruit trees, should have composed a distinct item. A similar observation, is applicable to the out-houses’.
Another error is assigned, that “ the said commissioners have charged the plaintiff for improvements which they state to have been made by Elizabeth M’Clary, and the heirs of John M’Clary, deceased ; without making any distinction between them ; and the court have adjudged payment of the whole balance, reported as due from the plaintiff, for the whole of these improvements} to be made to the said Elizabeth M’Clary.” This also beems improper, or at least it is not sufficiently explained!
Judgment reversed.

 A£U of 1796-7, p. 343, 3 Brad, soar*